IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

DAVID WATTLETON, )
)
    Petitioner, )
)
vs. )
)
)
DAVID WINN, Warden, )
FEDERAL MEDICAL CENTER-DEVENS, )
FEDERAL BUREAU OF PRISONS, )
)
    Respondent(s). )
)

FILED
IN OFFICE
2004 SEP 15 P 12: 28
U.S. DISTRICT C...

04-40185

PETITIONER'S MOTION FOR LEAVE TO
AMEND 28 U.S.C. SECTION 2241 PETITION
PURSUANT TO FEDERAL RULES OF CIVIL
PROCEDURE RULE - 15(a)

    COMES NOW, the petitioner, David Wattleton, through pro se, hereby files this motion for leave to amend his 28 U.S.C. section 2241 petition in the above captioned case pursuant to the Federal Rules of Civil Procedure Rule 15(a). Mr. Wattleton asserts that he must exhaust all of his adminstrative remedies before bring this habeas petition. See <u>Miller v Blalock</u>, 356 F.2d. 273, 274 (4th Cir 1966). Thus, he believes that this Court should grant his motion as it is necessary to demonstrate that he has exhausted all his adminstrative remedies. See, <u>Burger King Corp., v Weaver</u>, 169 F.3d. 1310, 1319 (11th Cir 1999).

    Therefore, for the foregoing reasons Mr. Wattleton request an order from this Court consistent with the above.

Respectfully submitted

David Wattleton

Administrative Remedy No. 275595-A2
Part B - Response

You complain that your July 2000 Forensic Report contains false information.

Our review reveals this issue was previously addressed in Central Office Administrative Remedy Appeal No. 270011-A3 and we find no need to elaborate on this issue any further. Your appeal is closed as repetitive.

January 10, 2003
Date

Kathly Smallwood
Harrell Watts, Administrator
National Inmate Appeals

Administrative Remedy No. 270011-A3
Part B - Response

This is in response to your Central Office Administrative Remedy Appeal in which you allege that your evaluator deliberately failed to maintain accurate records during the forensic evaluations she conducted for the reports of August 23, 2001, and July 10, 2000 (which you cite respectively as "the August, 2001, Forensic Report", and "the August, 2000"). You question why it was stated in the former evaluation that you did not fully comply with voluntary treatment, but in the latter evaluation that you did not comply with mandated treatment.

Review of your medical record and the above cited evaluations reveal, that you chose not to participate with treatment efforts, attending treatment team under protest, and refusing treatment with antipsychotic medications during the course of the August 23, 2001, evaluation. In the July 10, 2000, evaluation, it was explained that you failed to comply with mandated treatment, specifically, the parole condition that you obtain mental health treatment. This parole violation was documented by the court and resulted in your return to custody.

Since the statements of the evaluator which you have cited are matters of fact independently documented, your allegation that the evaluator failed to maintain accurate records during the evaluation is false.

Your appeal is denied.

_November 15, 2002_
Date

_Harrell Watts, Administrator_
National Inmate Appeals